## CIRCUIT COURT OF WASHINGTON COUNTY

William Ross Bish, Jr.

v.

Washington County
Board of Supervisors

November 30, 1992

Case No. (Chancery) 92–246

By Judge Charles H. Smith, Jr.

This matter is pending before the court upon the plaintiff's "Motion for Declaratory Judgment and Injunction." The plaintiff seeks to have the court declare that certain revenues derived from implementation of a special tax for establishment of an E-911 system violates § 58.1–3813 of the Code and further to enjoin the defendant from expending E-911 tax funds for the installation or maintenance of street signs. The defendant has filed a demurrer along with other responsive pleadings thereto. Oral arguments were heard in this court on October 30, 1992. At the conclusion of arguments, the court took the matter under advisement. I have thoroughly reviewed the pleadings, applicable code sections, and other relevant authorities and considered same in light of the respective arguments.

The Washington County Board of Supervisors has enacted an ordinance authorizing the implementation of a E-911 emergency response system for the county. Since February of 1989, the county has been assessing a monthly fee of $.65 per month on telephone subscribers' bills in order to defer the cost of implementation and installation of this system. This tax was authorized in accordance with § 58.1–3813 of the Code of Virginia. That section provides in part as follows:

> A. Notwithstanding the rate limitations imposed under § 58.1–3812, any county, city or town, which has, singly or by joint agreement, established or will establish an en-

hanced 911 emergency telephone system, hereinafter referred to as E-911, as defined herein, may impose a special tax on the consumers of the telephone service . . . .

B.1. An "E-911" system means a telephone service which utilizes a computerized system to automatically route emergency telephone calls placed by dialing the digits "911" to the proper public safety answering point serving the jurisdiction from which the emergency telephone call was placed. An E-911 system includes selective routing of telephone calls, automatic telephone number identification, and automatic location identification performed by computers and other ancillary control center communications equipment . . . .

D. Any such taxes imposed by this section shall be first utilized solely for the initial capital, installation, and maintenance costs of the E-911 emergency telephone system. The jurisdiction shall reduce such tax when capital and installation costs have been fully recovered to the level necessary to offset recurring maintenance costs only.

The Washington County Board of Supervisors has authorized the expenditure of $2,950.00 for the City of Bristol to purchase certain road signs for streets having their names changed. An expenditure of $437.00 was also authorized for acquisition of a tachometer/odometer to assure accurate measurements. Also, the county has authorized an additional $256,000.00 to be budgeted for the installation and maintenance of street signs for the entire county from this special tax account. The plaintiff argues that the code definition of the E-911 system is not broad enough to include signs, odometers, or any device or contrivance not associated or directly connected to the telephone system. He contends that the expenditure of these funds from that special tax account violates § 58.1–3813 of the Code. The defendant, on the other hand, argues that the successful implementation and operation of the E-911 system they have selected is dependent upon a data base with precise information; the first component of which is the naming and renaming of streets and roads in the county and installation of appropriate signs to identify them. The odometer/tachometer is essential to obtain accurate measurements between intersections and residences located on the roads.

The real issue here is whether or not the acquisition and erection of these signs and the purchase of the odometer/tachometer are part

of the "installation and maintenance costs of the E-911 emergency telephone system." Two previous opinions by the Virginia Attorney General, dated February 13, 1989, and April 15, 1992, have opined that they are. The Attorney General quoted with approval the Black's Law Dictionary definition of the term "install," which is "to set up or fix in position for use or service." I agree with these opinions of the Attorney General. I believe the defendant has adequately demonstrated that a "mapping" of the county is an essential element of the establishment of their E-911 system and that the acquisition and erection of these signs is an indispensable component thereof. The costs may be paid as an installation cost pursuant to § 58.1–3813. Consequently, the court will deny the relief requested by the plaintiff. The court will likewise deny the request of the defendant for reimbursement of costs incurred.